UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No.

KARI MORISSETTE, and other similarly situated individuals,

        Plaintiff(s),

v.

KAAM ENTERPRISES, INC. d/b/a SUBWAY, and KHALID ABID,

        Defendants.

## COMPLAINT
### (OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs KARI MORISSETTE ("Plaintiff") and other similarly situated individuals sue defendants KAAM ENTERPRISES, INC. d/b/a SUBWAY and KHALID ABID (collectively, "Defendants") and allege:

### JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act"). This is also an action under Fla. Stat. § 760.50, which prohibits employment discrimination on the basis of HIV[1].

### VENUE

---

[1] Plaintiff will file a charge of discrimination with the EEOC. Once the EEOC issues a right to sue, the Plaintiff will move to amend this complaint to include counts of disability, genetic information, and retaliation under the ADA and the GINA (Genetic Information Nondiscrimination Act of 2008).

1

2. Plaintiff is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. KAAM ENTERPRISES, INC. d/b/a SUBWAY (the "Corporate Defendant") and KHALID ABID (the "Individual Defendant") are a Florida company and a Florida resident, respectively, having their main place of business in Miami-Dade County, Florida, where Plaintiff worked for Defendants, and at all times material hereto were and are engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Miami-Dade County, Florida.

## COUNT I: WAGE AND HOUR VIOLATION BY KAAM ENTERPRISES, INC. d/b/a SUBWAY (OVERTIME)

4. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

5. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

6. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendant operated as an organization which sells and/or markets its services and/or goods to

customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Corporate Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

7. By reason of the foregoing, the Corporate Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated was and/or is engaged in interstate commerce for the Corporate Defendant. The Corporate Defendant's business activities involve those to which the Act applies. The Corporate Defendant is a Subway franchise and, through its business activity, affects interstate commerce. The Plaintiff's work for the Corporate Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a cashier for the Corporate Defendant's business.

8. While employed by the Corporate Defendant, Plaintiff worked approximately an average of 55-60 hours per week without being compensated at the rate of not less than one and one-half times the regular rate at which she was employed. Plaintiff was employed as a cashier performing the same or similar duties as that of those other similarly situated cashiers whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

9. Plaintiff worked for the Corporate Defendant from approximately March 1, 2019 through August 6, 2019 when she was wrongfully terminated. In total, Plaintiff worked approximately 22 compensable weeks under the Act, or 22 compensable weeks if we count 3 years back from the filing of the instant action.

10. The Corporate Defendant paid Plaintiff on average approximately $8.50 per hour.

11. However, the Corporate Defendant did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week. Specifically, the Defendant paid Plaintiff 28-30 hours by check and the rest in cash. Defendant never paid for any hour at time and one-half.

12. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

13. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of her unpaid overtime wages is as follows:

   a. **Actual Damages: $1,870**

      i. <u>Calculation</u>: $8.50/2 = $4.25 x 20 (approximate number of overtime hours) x 22 (compensable weeks) = $1,870

   b. **Liquidated Damages:** $1,870

   c. **Total Damages: $3,740** plus reasonable attorneys' fees and costs of suit.

14. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate

4

of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendant who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendant and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

15. The Corporate Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendant as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

16. The Corporate Defendant willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

17. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Corporate Defendant on the basis of the Corporate Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief, as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY KHALID ABID (OVERTIME)

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. At the times mentioned, the Individual Defendant was, and is now, the owner and/or the officer of the Corporate Defendant. The Individual Defendant was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act in that this defendant acted directly or indirectly in the interests of the Corporate Defendant in relation to the employees of the Corporate Defendant, including Plaintiff and others similarly situated. The Individual Defendant had operational control of the Corporate Defendant, was involved in the day-to-day functions of the Corporate Defendant, provided Plaintiff with his/her work schedule, and is jointly liable for Plaintiff's damages.

20. The Individual Defendant is and was at all times relevant a person in control of the Corporate Defendant's financial affairs and can cause the Corporate Defendant to compensate (or not to compensate) its employees in accordance with the Act.

21. The Individual Defendant willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendant as set forth above.

22. Plaintiff has retained the law offices of the undersigned attorney to represent him/her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and others similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

### JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

### COUNT III: DISCRIMINATION UNDER FLA. STAT. § 760.50

23. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-3 above as if set out in full herein.

24. Plaintiff is a person with or perceived as having human immunodeficiency virus ("HIV").

25. Plaintiff, at all times relevant, was an employee of the Corporate Defendant.

26. On or about August 5, 2019, Plaintiff told Defendants that she had HIV.

27. In response, the Defendants terminated Plaintiff's employment.

28. Terminating an employee on the basis of HIV or perceived HIV is illegal under Fla. Stat. § 760.50.

29. Defendants intentionally or recklessly terminated Plaintiff in violation of Fla. Stat. § 760.50.

30. As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendants, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the above described conduct.

**WHEREFORE**, Plaintiff, KARI MORISSETTE, demands judgment against Defendants as follows:

 a. Enter judgment in Plaintiff's favor and against Defendants for their violations of Fla. Stat. § 760.50;

 b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and any other damages available under Fla. Stat. § 760.50;

 c. Award Plaintiff prejudgment interest on her damages award;

 d. Award Plaintiff reasonable costs and attorney's fees; and

  e. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

Dated: October 14, 2019.

                 Respectfully submitted,

                 By: s/ R. Martin Saenz
                 R. Martin Saenz, Esquire
                 Fla. Bar No.: 0640166
                 Email: msaenz@saenzanderson.com
                 SAENZ & ANDERSON, PLLC
                 20900 NE 30th Avenue, Ste. 800
                 Aventura, Florida 33180
                 Telephone: (305) 503-5131
                 Facsimile: (888) 270-5549